**FILED**

DEC 2 0 2000

STATE OF VERMONT
LAMOILLE COUNTY, ss

Lamoille County Superior Court
Hyde Park Vermont

JAMES A. FLANIGAN )  SUPERIOR COURT
    *Plaintiff* )
         ) Docket No.: 252-12-00 Lec V
    *v.* )
         ) 2:01-cv-09
TOWN OF COLCHESTER and )
SERGEANT D. ALLEN )
    *Defendants* ) **COMPLAINT**

NOW COMES plaintiff, by and through his attorney Harold B. Stevens, Esquire of Stevens Law Office and complains and says as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1.  Plaintiff, James A. Flanigan is currently a resident of Stowe, Vermont and was formerly a resident of Colchester, Vermont.

2.  Colchester Police Department is an agency of defendant, Town of Colchester, a Vermont municipal corporation, which, upon information and belief, maintains liability insurance to cover the claims made herein.

3.  Sergeant D. Allen is an employee of Colchester and works in Colchester Police Department as a police officer.

4.  At all relevant times herein the said Sergeant Allen was acting under color of state law in both his individual and official capacity.

5.  On or about June 27, 2000 Gordon Frazier, plaintiff's neighbor, telephoned the Colchester Police Department because plaintiff allegedly had threatened him over Frazier playing music too loud.

6.  Shortly thereafter, Sergeant Allen and Officer Jacobs of the Colchester Police Department arrived at plaintiff's house along with other police officers.

STEVENS LAW OFFICE
UBER BLDG., MAIN STREET
P.O. BOX 1200
STOWE, VERMONT 05672
(802) 253-8547

7. While there, Sergeant Allen observed that plaintiff displayed signs and symptoms of alcohol intoxication, however he did not appear to be a threat to anyone.

8. When plaintiff refused to a breath test, the officer specifically told plaintiff that he was going to be taken into custody, as an intoxicated person.

9. Sergeant Allen tried to handcuff plaintiff, who turned to walk back to his house.

10. As plaintiff was walking back to the house, Sergeant Allen grabbed him from behind and tackled him to the ground slamming his face into his driveway.

11. Defendants then handcuffed plaintiff and placed him in jail for 24 hours.

12. As a direct result of Sergeant Allen grabbing and slamming plaintiff into the ground, plaintiff suffered bruises, pain in his right shoulder, and a fracture of his orbit bone on the right side of his face.

13. The amount of force used by Sergeant Allen was unreasonable and unnecessary, since plaintiff never physically threatened the officers with force and was fully cooperative with the police during the initial questioning.

### FIRST CAUSE OF ACTION
### (Deprivation of Civil Rights)

14. Sergeant Allen has deprived plaintiff of his constitutional right to due process, right to be free from the use of excessive force, right to be free from unreasonable seizure and right to be free from cruel and unusual punishment, all in violation of the rights guaranteed by the Fourth, Eighth and Fourteenth Amendment of the United States Constitution and in violation of 42 U.S.C. §1983.

15. As a direct and proximate result of the actions of (or the inactions of where there was a duty to act), Sergeant Allen has caused plaintiff to suffer injuries but not limited to pain and suffering, mental and emotional distress and interference with rights protected and guaranteed under both the United States and Vermont Constitutions.

TEVENS LAW OFFICE
BER BLDG., MAIN STREET
P.O. BOX 1200
TOWE, VERMONT 05672
(802) 253-8547

## SECOND CAUSE OF ACTION
### (Negligence)

17. Sergeant Allen acted negligently or in a grossly negligent manner in using excessive force on plaintiff.

18. Sergeant Allen was negligent or grossly negligent in caring for the safety and well-being of plaintiff while plaintiff was in his custody.

## THIRD CAUSE OF ACTION
### (Negligence Per Se)

19. Sergeant Allen's conduct violates 33 V.S.A. §701 et. seq.

## FOURTH CAUSE OF ACTION
### (Assault and Battery)

20. Officer Sergeant Allen intentionally used excessive and unreasonable force on plaintiff.

21. As a direct and proximate result of the actions of Sergeant Allen, plaintiff suffered bruises, pain in his right shoulder and a fracture of his orbital bone on the right side of his face.

## FIFTH CAUSE OF ACTION
### (Infliction of Emotional Distress)

22. Sergeant Allen, by his willful, wanton and/or reckless wrongful conduct knew or should have known that such conduct involved an unreasonable risk of causing emotional distress to plaintiff, and from the facts known to him, should have realized the distress, if it were caused, might result in extreme emotional distress, pain and suffering to plaintiff.

23. In addition, Sergeant Allen should have realized that their outrageous conduct, more specifically described above, involved an unreasonable risk of causing emotional distress, if it were caused, might result in the infliction of extreme emotional distress to plaintiff.

STEVENS LAW OFFICE
UBER BLDG., MAIN STREET
P.O. BOX 1200
STOWE, VERMONT 05672
(802) 253-8547

24. Sergeant Allen outrageously, willfully, wantonly and/or recklessly inflicted emotional distress upon plaintiff by using excessive force on plaintiff, by causing bruises, pain in his right shoulder and a fracture of his orbital bone on the right side of his face.

25. As a result of the infliction of emotional distress, plaintiff has suffered and will continue to suffer mental and emotional anguish, and physical discomfort.

## CAUSATION, DAMAGES AND LIABILITY FOR ALL COUNTS

26. In addition to the other damages, as a direct and proximate result of Sergeant Allen's willful, wanton, outrageous, negligence and/or reckless and wrongful conduct, plaintiff:

   a. has incurred medical bills and has to incur further physical therapy.

   b. has suffered a severe amount of pain and physical discomfort and severe emotional distress.

   c. has been unable to work due to his physical impairment.

   d. his face is disfigures by the fractured orbit bone.

27. Since Sergeant Allen was an employee of the Town of Colchester acting within the scope of his authority the Town of vicariously liable for Sergeant Allen's conduct.

**WHEREFORE**, plaintiff requests the following relief to be awarded against all defendants for plaintiffs in the amount deemed just:

   A. Actual damages and consequential damages;

   B. Punitive damages;

   C. Attorney fees; and

   D. Any other relief to which plaintiff may be entitled.

Dated at Stowe, Vermont, this 19th day of December, 2000.

STEVENS LAW OFFICE
UBER BLDG., MAIN STREET
P.O. BOX 1200
STOWE, VERMONT 05672
(802) 253-8547

4

Respectfully submitted,
THE PLAINITFF

By: *Harold S. Stevens*
Harold B. Stevens, Esquire
Stevens Law Office
His Attorney
Federal I.D. No.: 000425077

## VERIFICATION

James A. Flanigan having been duly sworn, verifies and affirms the truth of the foregoing. Insofar as any allegations are made on information and belief he believes them to be true.

*James P. Flanigan*
James A. Flanigan

Subscribed and sworn to before me this ___18th___ day of December, 2000.

*Jane Thompson*
Notary Public
My Commission Expires:

misrec 17285                                              12/21/2000 09:41 Page 1

## SUPERIOR COURT OF VERMONT
## LAMOILLE COUNTY

### Miscellaneous Payment Receipt
### Payment Number 17285

Received:  12/20/2000
From:      James A. Flanigan
Reason:    Civil Fees
Form:      Check
Check:     1106
Docket:    252-12-00Lecv

Total for Payment                                                      150.00